## SCHECHTER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 3, 1925.)

No. 344.

1. **Intoxicating liquors** ☞143—**Single sale of intoxicating liquors, standing by itself, does not constitute a "nuisance."**

Common nuisance, as defined in Volstead Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), implies a more or less continuous practice or habit of selling intoxicating liquor on the premises, and a single sale, standing by itself, does not constitute a "nuisance."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Nuisance.]

2. **Intoxicating liquors** ☞143—**Single sale of whisky held to constitute maintaining of nuisance, within Volstead Act.**

A single sale of whisky *held* to constitute maintaining a nuisance, within Volstead Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), where it appeared that any one might have come into defendant's shop and bought whisky.

3. **Intoxicating liquors** ☞143—**Single sale of whisky from defendant's shop held to constitute shop a nuisance, though it had just been opened.**

That defendant, making a single sale of whisky, had only just opened his shop, did not prevent it from at once becoming a place in which liquors were habitually sold, and so a nuisance, within Volstead Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), where it appeared that the shop was from the outset one in which liquors were to be unlawfully sold.

4. **Indictment and information** ☞129(1)—**Count for unlawful possession of whisky is included in maintaining a nuisance, and cannot stand.**

In prosecution for unlawfully possessing whisky and maintaining a nuisance, count for unlawful possession cannot stand, since it is included in maintaining a nuisance.

5. **Criminal law** ☞1177—**Concurrent sentence on counts for unlawful possession and maintaining a nuisance not disturbed, though count for unlawful possession cannot stand.**

Concurrent sentence of defendant on counts for unlawful possession of whisky and for maintaining a nuisance, not in excess of that prescribed for maintaining a nuisance, need not be disturbed, though count for unlawful possession cannot stand, in that it is included in maintaining a nuisance.

In Error to the District Court of the United States for the Eastern District of New York.

Samuel Schechter was convicted for unlawfully possessing whisky and for maintaining

a nuisance, and he brings error. Judgment on first count reversed; on second count affirmed. Sentence affirmed on second count.

Wallace E. J. Collins, of Jamaica, N. Y., and Morris Kamber, of Brooklyn, N. Y. (Otho S. Bowling, of New York City, of counsel), for plaintiff in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before ROGERS, HOUGH, and HAND, Circuit Judge.

HAND, Circuit Judge. Schechter was a druggist in Richmond Hill, Long Island. He had had a license to possess and sell whisky at another place, but on December 8, 1923, he had just moved to the opposite corner of the street, and the night in question was that on which he opened his new shop. A prohibition agent entered in company with a woman at 11 p. m., made a purchase of candy, and then stepped up to the clerk behind the counter and asked him for a bottle of rye whisky, saying that he was "out for a good time." The clerk answered that he did not know the agent, but asked him to wait a minute until he should consult Schechter. He did so. Schechter nodded his head, and the clerk came back in a few minutes with a bottle of whisky, for which the agent gave him a $5 bill. Upon the cash register in his shop the clerk rang up $3.50 and gave back to the agent $1.50. He and Schechter were then arrested. On passing behind the partition on one side of the shop, they found one bottle standing behind the counter of the same appearance as that sold, but it was not identified as containing whisky. On this evidence, corroborated by the testimony of another prohibition agent, the jury convicted the defendant on both counts.

[1, 2] The only questions raised are of the sufficiency of the evidence, first, because it was consistent with it that the whisky had been obtained from outside the store, and was not there possessed; second, because a single sale under these circumstances was not proof of the maintenance of a nuisance. We agree that a common nuisance, as defined in section 21 of title 2 of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138½jj), implies a more or less continuous practice or habit of selling intoxicating liquor upon the premises, and that a single sale, standing by itself, does not constitute a nuisance. Singer v. U. S.

(C. C. A.) 288 F. 695; Barker v. U. S. (C. C. A.) 289 F. 249; Miller v. U. S. (C. C. A.) 300 F. 529; Lewinsohn v. U. S. (C. C. A.) 278 F. 421; Strada v. U. S. (C. C. A.) 281 F. 143. However, it has been uniformly held, so far as we know, that a single sale may be sufficient evidence that the defendant is making a practice of which it is but an instance. We have ourselves twice so held (U. S. v. Reisenweber, 288 F. 520; Marshallo v. U. S., 298 F. 74), and the cases already cited for the most part hold the same thing.

In the case at bar there seems to us no question of the propriety of allowing a jury to infer from the evidence that any one might have come into the defendant's shop and bought whisky. The agent came under the guise of a casual customer, making a purchase avowedly for convivial purposes with his companion. The sale was therefore made under no special pressure, such as the immediate necessities of the purchaser. It was rung up upon the cash register as a sale in due course. The jury was justified in supposing that any one upon entering the store could buy whisky by asking for it. Indeed, in their place we should not have hesitated to make the same inference.

[3] While it is true that the defendant had only just opened his shop that does not, in our judgment, prevent it from at once becoming a place in which liquors were being habitually sold, and so a nuisance. Though this were the first sale ever made upon the premises, it might be the beginning of a practice which was plainly intended to be continuous. The question is whether the practice has once begun, not whether it has existed in the past. When it appears, as the jury might here infer, that the shop was from the outset one in which liquors were to be unlawfully sold, its maintenance was a nuisance, as soon as it was opened at all.

[4, 5] The first count for unlawful possession cannot stand, since the offense is included in maintaining a nuisance, if indeed it was proved at all. Reynolds v. U. S. (C. C. A.) 280 F. 1; Miller v. U. S., supra; Morgan v. U. S. (C. C. A.) 294 F. 82. We have but recently made the same ruling in Schroeder v. U. S., 7 F.(2d) 60, filed May 4, 1925. As the sentence was concurrent, and was not in excess of that prescribed upon the second count alone, it need not be disturbed.

Judgment on the first count reversed; on the second count affirmed. Sentence affirmed on the second count.