---

### Ex parte RUDY.

First Division. Juneau. June 22, 1926.

No. ——.

1. **Intoxicating Liquors** ⬤➡143, 174—**Possession of Intoxicating Liquor Not Necessarily a Nuisance.**

The petitioner, Charles Rudy, was found guilty and sentenced on December 5, 1925, to imprisonment in jail for six months and to pay a fine of $500 for having in possession intoxicating liquors, and also found guilty and sentenced on the same date to imprisonment in jail for six months and to pay a fine of $500 for maintaining a place for the sale of intoxicating liquor, the second sentence to begin at the expiration of the first sentence. The defendant served the first jail sentence and paid the first fine imposed, and on the expiration of the first sentence brought habeas corpus on the ground that the conviction on which the second sentence was imposed consisted of the possession of the same intoxicating liquor for the possession of which petitioner was convicted on the first sentence. The district attorney demurred to the petition, and also denied that it was the same liquor, etc. *Held,*

⬤➡See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a person may possess liquors without storing such liquors in a manner sufficiently to constitute a nuisance; possession of liquor may be had for a short period of time, and that would not create any inference that the liquors were stored, or that the place where the liquor was possessed constituted a nuisance; the crimes are separate, and defendant was legally convicted of both offenses; habeas corpus denied.

**2. Habeas Corpus ☞85(1)—Evidence—Burden of Proof.**

The defendant brought habeas corpus, alleging that he was illegally convicted of possessing intoxicating liquors, and maintaining a nuisance, both based on the possession of the same liquor. He denied that he had any other liquor in his possession or upon the premises, but made no proof of that fact. *Held*, the burden upon the petitioner was to show that his allegation in that respect was proved by a preponderance of the evidence.

**3. Criminal Law ☞984—Intoxicating Liquor—Possession and Maintaining a Nuisance are Different Crimes.**

*Held*, the crime of possessing intoxicating liquor is a distinct and separate crime from that of maintaining a nuisance by keeping a place where liquor is stored, sold, etc., and the court was justified in imposing sentences both for the possession of intoxicating liquor and for the maintenance of a nuisance.

On June 5 Charles Rudy filed his petition for a writ of habeas corpus, alleging that he was unlawfully restrained of his liberty by the United States marshal for the First division of the territory of Alaska. The petition alleges that he was illegally imprisoned by virtue of a judgment and sentence of this court, which it is alleged 'is illegal for the reason that he was sentenced, on December 5, 1925, to be imprisoned and pay a fine of $500 for the crime of possessing intoxicating liquor in violation of section 1 of the Alaska Bone Dry Law (48 USCA § 261 [U. S. Comp. St. § 3643b]), and that he was further sentenced to serve a term of imprisonment of six months and pay a fine of $500 for maintaining a nuisance, in violation of section 19 of said act (48 USCA § 280 [U. S. Comp. St. § 3643k]), which nuisance consisted of the same possession of intoxicating liquor, as he was convicted of under the charge of possessing intoxicating liquor; that the sentence imposed for the crime of maintaining a nuisance had been fully served, and that the fine of $500 imposed therefor had been paid; that the petitioner was imprisoned and restrained of his liberty for possessing intoxicating liquor in violation of said act;

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and that by reason of the fact that the maintenance and nuisance consisted of possession of the same liquor, for the possession of which petitioner was sentenced to serve six months in jail, there was a double penalty imposed on petitioner for the crime—the possession, it is alleged, being an incident of the crime of maintaining a nuisance and included in it.

Accompanying and made a part of the petition was a copy of the original information filed in this court on the 18th day of September, 1925, and a copy of the sentence of the court made on December 5, 1925. The information filed on September 18, 1925, contained three counts; the first count alleging that the petitioner, Charles Rudy, did willfully and unlawfully, on September 15, 1925, at Rudy's road house, sell for beverage purposes intoxicating liquor, to wit, whisky, to one Ed Keegan and others, in violation of section 1 of the Alaska Bone Dry Law (39 Stat. 903), approved February 14, 1917. Count 2 of the information alleged that the defendant, Charles Rudy, did willfully and unlawfully, on September 17, 1925, at Rudy's road house, have in his possession and under his control intoxicating liquor, to wit, whisky, rum, and beer for beverage purposes, in violation of section 1 of the Alaska Bone Dry Law. Count 3 of the information is that the defendant Charles Rudy did willfully and unlawfully, on September 17, 1925, keep and maintain a common and public nuisance; that is to say, he, the said Charles Rudy, at the time and place aforesaid, did keep and maintain a place, to wit, Rudy's road house, about nine miles from Juneau, Alaska, on the left side of the Glacier Highway, going toward the Mendenhall glacier from Juneau, in which said place and building alcoholic and intoxicating liquors were stored, sold, vended, possessed, and furnished contrary to law, in violation of section 19 of the Alaska Bone Dry Act.

The record shows that a trial on such information was had on November 28, 1925, and sentence was imposed upon the defendant; that at the time of the trial, because there was no proof of sale, although there was proof tending to show that liquor was obtained at said road house on September 15, 1925, the jury were instructed to return a verdict of not guilty on count 1 of the information. Thereupon the jury brought in a verdict of not guilty on count 1 for the sale of intoxicating liquor to one Keegan and others on September 15, 1925, but

guilty of possession of intoxicating liquors, in violation of section 1 of the Alaska Bone Dry Act, as alleged in count 2 of the information, and guilty of maintenance of a nuisance on September 17, 1925, as alleged in count 3 of the information. Judgment was thereupon passed on the defendant, on December 5, 1925, which judgment provided that Charles Rudy be imprisoned in the federal jail at Juneau, Alaska, for the period of six months, and that he pay a fine of $500 on count 2 of the information, and, further, that the said Charles Rudy be imprisoned in the federal jail at Juneau, Alaska, for a period of six months, and that he pay a fine of $500 on count 3 of said information, said sentence so imposed on count 3 to begin at the expiration of the sentence imposed on count 2 aforesaid.

A writ of habeas corpus was issued on June 7 upon the petition aforesaid, and petitioner was brought into court. The return of the United States marshal admitted that he held the petitioner in custody in jail by virtue of the judgment aforesaid. Owing to the press of business, hearing thereon was continued until the 14th day of June, 1926, and the United States attorney, who, in compliance with the statute, had been notified of the pendency of the hearing, appeared and entered a demurrer and answer to the allegations of the petition. The government, on demurrer, urged that the petition was insufficient to afford the relief prayed for, and at the same time, answering, admitted that the petitioner was being confined in the federal jail by virtue of a sentence of this court, as alleged in the petition, but denied that the sentence on count 3 for maintaining a nuisance had been served by the petitioner; denied that the sentence imposed under count 3 of the indictment, for maintaining a nuisance, consisted of the possession of the same intoxicating liquor, for the possession of which petitioner was convicted and sentenced to serve six months' imprisonment on count 2; denied that a double penalty was imposed on petitioner for one offense, and denied that the imprisonment was illegal; alleged that no objections or exceptions to the sentence had been taken by the petitioner at the time of imposition of sentence, or at all; alleged that no appeal was taken from said judgment; alleged that no motion in arrest of judgment was made, and no motion for election between

7 A.R.—29

the several counts, and that there was no request for instructions or proceedings subsequent to the rendition of the verdict.

Hellenthal & Hellenthal, of Juneau, for petitioner.
A. G. Shoup, Dist. Atty., of Juneau.

REED, District Judge.   Counsel for petitioner urges that the crime of possession of intoxicating liquor, as denounced by section 1 of the Alaska Bone Dry Act, is included in that denounced by section 19 of the act, and that, by reason of the imposition of sentence for maintaining a nuisance, the crime of possession being included as an incident of the maintenance of a nuisance, the court exceeded its jurisdiction in imposing the sentence of imprisonment for possession; that, because the court so exceeded its jurisdiction, the sentence imposing imprisonment for possession of liquor was a nullity, and that a writ of habeas corpus would lie.

The question was very learnedly and ably argued by counsel for petitioner, and the government, through Assistant United States Attorney Stabler, also presented a large number of authorities on the question, based upon the provisions of the National Prohibition Act (27 USCA).   A great number of authorities were cited on behalf of petitioner, to the effect that, under the National Prohibition Act, the crime of manufacturing intoxicating liquor, and the sale of intoxicating liquor, and the transportation of intoxicating liquor in violation of the provisions of that act, are included in the crime of possession thereof under the same act, and that a cumulative sentence imposed simply for possession and manufacturing, for the same act, was a double penalty for the same crime and void. Among the citations made by petitioner are Rouda v. U. S. (C. C. A.) 10 F.(2d) 917, where possession and manufacture of intoxicating liquor were considered; Schechter v. U. S. (C. C. A.) 7 F.(2d) 881, where possession and transportation were considered; Miller v. U. S. (C. C. A.) 300 F. 531, where possession and sale were considered.

Counsel also cited the case of Schechter v. U. S. (C. C. A.) 7 F.(2d) 881, where defendant was convicted of the crime of unlawful possession and maintenance of a nuisance under the Volstead Act.   The court in this case, through Judge Hand, discussing the sufficiency of the evidence of maintaining a nuisance, found that the evidence consisted of a single sale, but

that the evidence was sufficient to support the conviction for the maintenance of a nuisance under the act as it might be considered by the jury to be the beginning of a practice intended to be continuous, and that while the crime of maintaining a nuisance involved continuity, the jury might infer, under the circumstances, that it was a nuisance from the beginning.

All these cases were decided by the federal courts, and arose on direct appeal from the judgment rendered of concurrent sentences imposed for possession, manufacture, sale, and transportation, and, in the case of Schechter v. U. S., supra, for the maintenance of a nuisance. They all arose on direct appeal from the judgment, and no case has been brought to my attention where the exact question involved was raised on habeas corpus.

The petitioner, however, contends that, the possession of intoxicating liquor being an incident of the crime of maintaining a nuisance under the Alaska Bone Dry Law, the court exceeded its jurisdiction in imposing sentence, and that therefore the court was without jurisdiction to impose the sentence set forth in his petition, and that, this being the case, habeas corpus was the proper remedy for the petitioner to resort to to regain his liberty, citing In re Nielsen, 134 U. S. 176–185, 9 S. Ct. 672, 33 L. Ed. 118.

The government, on the other hand, contends that habeas corpus does not lie, but that, if error was committed in imposing the sentence, it was simply an error of law, and that the only remedy available to the defendant was by appeal from the sentence or a writ of error to a higher court; that, as no motion for the stay of judgment or election between counts 2 and 3 of the information was made by the petitioner, he is barred from maintaining this proceeding.

Passing over the question as to whether habeas corpus was the proper remedy or not, I will consider the main question. The government relies on several cases decided by the federal courts under the Volstead Act, where the question whether the possession of intoxicating liquors under that act is a crime, included in that of maintaining a nuisance under the act, was considered. Special stress was laid by the government on Page v. U. S., 278 F. 41, decided by our own appellate court. This case arose under the Volstead Act, wherein the defendants were convicted of possession of intoxicating liquors and of

maintaining a nuisance. One count charged the defendants with having in possession a certain amount of jackass brandy in a certain place; the other count charged defendant with having, at said place, on or about the time alleged in the first count, maintained a nuisance. Judge Morrow, rendering the opinion of the court, says:

"It is objected that both of the counts of the information are sup-ported by the same evidence, and that therefore conviction on the first count is a bar to conviction on the second count. The objection cannot be sustained. The second count charges that the defendants maintained a common nuisance, * * * in violation of section 21 of the act. There is abundant evidence in the record to support this charge, in addition to the evidence relating to the possession by the defendants of one pint bottle of jackass brandy charged in the first count."

He then points out the nature of the evidence supporting the charge of maintaining a nuisance and sustains the conviction on that count.

Singer v. U. S., 288 F. 697, decided by the Circuit Court of Appeals, Third Circuit, and Stafford v. U. S., 300 F. 537, decided by the Circuit Court of Appeals for the Sixth Circuit, both cases arising under the Volstead Act, are also cited by the government as bearing out its contention that possession is not necessarily included in the crime of maintaining a nuisance under that act.

From these authorities, I conclude that the crime of possessing intoxicating liquors is not necessarily included in the crime of maintaining a nuisance under the Volstead Act. In other words, there may be two distinct offenses against the Volstead Act, one for possession, and one for the maintenance of a nuisance, the former not included in the latter; nor is the first-mentioned crime in all cases an incident of the latter. The testimony for maintaining a nuisance may be such as would warrant a conviction of that crime, and the possession of liquor not an incident thereof. In other words, whether the possession of intoxicating liquor is an incident of the crime of maintaining a nuisance under the Volstead Act depends upon the nature of the testimony. This seems also to be a legitimate conclusion from a decision of the Supreme Court in Street v. Lincoln Safe Deposit Co., 254 U. S. 92, 41 S. Ct. 32 (65 L. Ed. 151, 10 A. L. R. 1548). The court says of section 21 of title 2 of the Volstead Act (27 USCA § 33):

"Section 21 declares that 'any room, house, building * * * or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance,'" and for maintaining such place penalties are imposed.

The word "kept," in this section, is the only one of possible application to the case at bar, and the words with which it is associated are such that, as here used, it plainly means kept for sale or barter or other commercial purpose. So, under the Volstead Act, in my opinion, the nuisance denounced by the statute is a place where liquor is kept for barter, sale, or other commercial purpose.

Counsel for petitioner, however, urges with great earnestness and plausibility that while, under the Volstead Act, possession of intoxicating liquor is not necessarily a crime, yet, under section 1 of the Alaska Bone Dry Act, any possession of liquor is a crime, and that under the latter act possession is a necessarily included crime of maintaining a nuisance.

The argument is not without force and has greatly impressed me. However, after careful consideration, my opinion is that the argument is faulty. The Alaska Bone Dry Law (section 1) makes the possession of intoxicating liquor a misdemeanor. It also in section 19 declares that:

Any and "all houses, boats, * * * buildings, * * * and places of every description, * * * where alcoholic liquors are manufactured, stored, * * * vended, given away, or furnished contrary to law, including those in which clubs, orders, or associations sell, barter, give away, distribute, or dispense intoxicating liquors to their members by any means or device whatever, as provided in this act, shall be held, taken, and deemed common and public nuisances, and any person who shall maintain, or shall aid or abet, or knowingly be associated with others, in maintaining such common and public nuisance, shall be guilty of a misdemeanor."

It will thus be seen that, in both the Volstead Act and the Alaska Bone Dry Law, the crime of maintaining a nuisance is defined as doing the act denounced, contrary to the provisions of the statute. The word "possession" means to have power and dominion over a thing. The word "stored," which is applicable to the case at bar, has an entirely different meaning. "Stored" means the laying away for future use. It involves more than mere possession. One may have a thing

in his possession, without having it stored, or one may maintain a place where contraband is stored, without having possession, dominion, or control over the thing stored. The word "stored" necessarily implies more than mere possession; that is to say, a person may possess liquors without storing such liquors, in a manner sufficiently to constitute a nuisance. Possession of liquor may be had for a short period of time, and that would not create any inference that the liquors were stored, or that the place where the liquor was possessed was a place where liquors were continuously, or for any length of time, stored.

For this reason, I do not think that the charge of possession of liquors in the Rudy Case is necessarily included in the crime of maintenance of a nuisance, because the crime of maintenance of a nuisance necessarily refers to a continuity of offenses. This is well illustrated in the case at bar, in the original case of United States v. Rudy. In that case the defendant was charged with the sale of intoxicating liquor on September 15. Under an instruction of the court the jury found the defendant not guilty of sale, although there was evidence tending to show that liquor was furnished at that place, but nothing directly connecting the defendant therewith. There was other evidence tending to show that liquor was found at various places near defendant's house, of which the defendant denied any knowledge, or that he had possession thereof.

I cite this simply as an example, because there is nothing in the record before the court in this proceeding showing what the testimony was. The petitioner in his petition alleges that he was convicted of the crime of maintaining a nuisance, because he had possession of the same liquor for which he was convicted under the charge of possession. This is denied on the part of the United States specifically. It seems to me that it was the duty of the petitioner to make the testimony in the case a part of the record, and the burden upon the petitioner was to show that his allegation in that respect was proved by a preponderance of the evidence. If the crime of possessing liquor was not necessarily included in that of maintaining a nuisance, then the court was justified in imposing sentences both for the possession of intoxicating liquor and for the maintenance of a nuisance.

This being my view of the case, my opinion is that the writ should be discharged, and the defendant remanded to the custody of the United States marshal.