### TSUIE SHEE et al. v. BACKUS.*

(Circuit Court of Appeals, Ninth Circuit. July 16, 1917.)

#### No. 2784.

1. ALIENS ⚖️32(8)—DEPORTATION—CHINESE PERSONS—EVIDENCE.

On habeas corpus to obtain the discharge of a Chinese woman, ordered deported, though she applied for admission to the United States as the wife of a native-born Chinese citizen of the United States, evidence *held* insufficient to show that the applicant was not given a fair hearing or that the order of deportation was not justified.

2. ALIENS ⚖️32(6)—DEPORTATION—GROUNDS.

An order of the immigration authorities, deporting a Chinese woman applying for admission to the United States as the wife of a native-born Chinese citizen, cannot be vacated because based on a letter taken from the trunk of the alleged husband, even though such letter were obtained by a search in violation of Const. Amend. 4; the evidence not being used against the owner of the trunk.

Appeal from the District Court of the United States for the First Division of the Northern District of California.

Application by Tsuie Shee and another for a writ of habeas corpus

against Samuel W. Backus. From a judgment denying the writ, petitioners appeal. Affirmed.

See, also, 218 Fed. 256.

Joseph P. Fallon, of San Francisco, Cal., for appellants.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The appellant, a Chinese woman, who applied for admission to the United States at the port of San Francisco as the wife of a native-born Chinese citizen of the United States, was denied the right to land, on the ground that her relationship as the wife of the citizen had not been established to the satisfaction of the immigration officials. On appeal to the Department of Labor, the decision of the officials was affirmed. The appellant thereafter filed her petition for a writ of habeas corpus, on the ground, among others, that proper official action had not been taken by the Department of Labor. The court made the writ temporary, pending a review of the record by the proper official of the Department of Labor. Upon a showing of subsequent action by that Department whereby the record was properly reviewed on appeal, the court discharged the writ.

[1] On the appeal to this court from the order discharging the writ, it is contended, first, that the hearing accorded the appellant by the immigration officials was unfair, in that an honest effort was not made to arrive at the truth by methods sufficient to amount to due process of law. We find that the record contains no substantial evidence to sustain this contention, and in fact the appellant fails to direct our attention to any particular definite feature of the investigation which she relies on to show that the hearing was unfair. The immigration officials and the Department of Labor were influenced by two phases of the evidence. The first was the contradictory statements made by appellant and by Quan Wy Chung, her alleged husband, on their separate examinations. The second was the contents of certain papers found in the trunk of Quan Wy Chung while he was still in the immigration station. The most important of these papers was a coaching paper for the alleged wife, containing the names of her father, mother, grandfather, and grandmother, and other items. It was wrapped in a paper on which was inscribed, in Chinese:

"Please deliver the within contents to Quan Choey Quock, for him to coach Tsuie Shee on. Sent by Tsung Quock."

Quan Choey Quock was another name of Quan Wy Chung. There were other papers in the trunk, the contents of which showed that Quan Wy Chung had been engaged in the business of importing Chinese women for prostitution, and Chinese men in violation of the law. Irrespective of what may be said of the contradictions between the testimony of the alleged husband and wife, it is clear that the evidence in the papers found in Quan Wy Chung's trunk was sufficient to discredit all representations that the appellant was the wife of Quan Wy Chung.

[2] But it is said the action of the immigration officials in searching the baggage of Quan Wy Chung without his consent was a violation of the Fourth Amendment to the Constitution. If the case before us were an appeal from a judgment in a criminal case, in which the owner of the papers in the trunk had been convicted by means of the evidence so acquired, and after a demand for the return of the papers, the judgment might be reversible, under the authority of Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. But the evidence was not used against Quan Wy Chung. It was used against the appellant, who, as the immigration officials have found, was not his wife. We have nothing to do with the remedy of Quan Wy Chung for the invasion of his constitutional right. The question here is whether a judgment based upon evidence so obtained is void. We have no hesitation in holding that it is not. Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575.

The judgment is affirmed.