### PALAZINI v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. October 26, 1926.)

No. 2021.

**1. Intoxicating liquors ⬅226.**

Under indictment charging manufacturing and possessing and possessing utensils for manufacture, testimony as to poisonous ingredients of seized liquor *held* competent.

**2. Criminal law ⬅901.**

Motion for directed verdict at close of government's case on ground of insufficient evidence *held* waived by subsequent introduction of evidence in defense and submission to jury without renewal of motion.

**3. Intoxicating liquors ⬅236(6½, 19).**

Evidence *held* sufficient to sustain conviction of unlawful possession of property for manufacture, and of unlawful manufacture and possession, of intoxicating liquor.

**4. Criminal law ⬅1209.**

Imposing sentence on each of several counts, for possessing utensils for manufacture and manufacturing and possessing intoxicating

liquor, *held* not duplication of punishment, in view of evidence supporting each count.

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Peter Palazini was convicted for the unlawful possession of property for manufacture, unlawful manufacture, and unlawful possession, of intoxicating liquor, and he brings error. Affirmed.

William H. Lewis, of Boston, Mass., and John R. Higgins, of Woonsocket, R. I., for plaintiff in error.

Joseph E. Fitzpatrick, Asst. U. S. Atty., of Providence, R. I. (John S. Murdock, U. S. Atty., of Providence, R. I., on the brief), for for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. On February 8, 1926, a criminal information was filed in the District Court for Rhode Island against Peter Palazini, charging him in the first count with having, on the 16th of January, 1926, the unlawful possession of certain property designed for the manufacture of intoxicating liquor, to wit, two stills, one with a capacity of 250 gallons and the other of 150 gallons, two 500-gallon mixing tanks, 120 5-gallon empty cans, 3 50-gallon barrels of No. 6 specially denatured alcohol, 16 empty 50-gallon barrels, 2 50-gallon barrels of wood alcohol, 1 hand pump, 1 garden hose, 4 funnels, 1 5-gallon glass container of acid, and 1 10-gallon empty container; in the second count with the unlawful manufacture of certain intoxicating liquor, to wit, 11½ cases of whisky, naming the brands, and 86 5-gallon cans of alcohol; and in the third count with the unlawful possession of intoxicating liquor, to wit, 11½ cases of whisky, described as in the second count, and 86 5-gallon cans of alcohol, as there described.

On April 15, 1926, he was found guilty on all the counts, and sentenced to pay a fine of $500 on the first count, to serve 6 months in jail on the second, and to pay a fine of $500 on the third count.

Seven errors are assigned, but the first two are waived. The remaining ones are that the court erred (1) in permitting the government's chemist to testify as to the poisonous ingredients of the seized liquor, after the defendant had admitted their alcoholic content; (2) in refusing to direct a verdict for the defendant for insufficiency of evidence, and because the manufacturing charge in the second count was not proven, within the meaning of that word as employed in the National Prohibition Act (Comp. St. § 10138¼ et seq.); and (3) in imposing sentence on each of the counts.

[1] The first assignment of error is without merit. The respondent could not deprive the government of proving its case by competent evidence, however telling it might be against him. He was charged, not only with manufacturing and possessing intoxicating liquor fit for beverage purposes, but with possessing utensils and liquids designed for the manufacture of such liquors. It was therefore competent for the government, under the latter charge, to present evidence of the nature and composition of the liquids, and materials seized, for the purpose of showing whether they were designed for use in the manufacture of such liquor. Then again much of the alcohol seized represented liquor in different stages of manufacture, some of which, the evidence disclosed, had reached a stage where it was fit for beverage purposes, some that had not reached that stage, and some that never could be made fit for beverage purposes. It was therefore competent for the government, under the manufacturing count, to show what of the liquors seized had reached the stage in the process of manufacture rendering them fit for beverage purposes, as well as their alcoholic content—in other words, prove its case.

[2] As to the second assignment, it appears that the respondent, at the close of the government's case, moved for a directed verdict on the ground (1) that there was no sufficient evidence from which it could be found that he was concerned in the manufacture or possession of the liquor and utensils, and (2) for the reason that there was no evidence of manufacturing; that the motion was denied; that thereafter the respondent introduced evidence in defense; and that, at the close of all the evidence, the case was submitted to the jury without renewal of the motion. By so doing he waived his motion, and there is no basis for this assignment of error. But we have carefully examined the record, and are fully convinced that there was an abundance of evidence from which it could be found that the respondent was equally concerned in the commission of the crimes charged with his brother, Augustus Palazini, who, it appeared, pleaded guilty to an information brought against him charging the same identical offenses.

[3] The place where the offenses were committed was a garage built and owned by the respondent. The building was 60 feet long, 30 feet wide, and on the ground floor there

were three or more rooms, where were found the various liquids, chemicals, and utensils named in count 1, including the 250-gallon still, which was in operation at the time; also in the room where the still was in operation was found a 5-gallon can filled with alcohol and another 5-gallon can into which alcohol was dripping from the still. In the cellar of the building was a boiler for heating the liquid in the operation of the still on the floor above. The stairway leading into the cellar concealed a large iron door, with a combination lock, leading into a large cement vault. In this vault was found 11½ cases of whisky and 60 to 65 5-gallon cans of alcohol. Prior to the officers discovering that the stairway concealed the vault, the respondent, though admitting ownership of the building, denied that he had anything to do with the still, paraphernalia, liquids, etc., found on the ground floor; but when the discovery was made, and the officers were proceeding to pull out the stairway in the cellar, he showed them how it could be moved without being destroyed, worked the combination lock on the vault door, opened the vault, and then admitted that he had paid several thousand dollars for the 250-gallon still and purchased the whisky from some one in New York. There can be no doubt as to the sufficiency of the evidence connecting him with the offenses charged.

As to the contention that there was no evidence of the manufacture of intoxicating liquor fit for beverage purposes, the answer is the same. The record shows that the big vats operated in connection with the still were filled with denatured alcohol, water, muriatic acid, and lamp black, and that some, if not all, of the liquor produced by the operation of the still was of high alcoholic content and fit for beverage purposes. We regard this as manufacturing.

[4] The remaining objection is to the imposition of sentence on each of the counts. The claim is made that this assignment is based, in part, at least, on the motion to direct a verdict at the close of the government's case. If this is so, it cannot be availed of; for, as above pointed out, the motion to direct a verdict was waived. But in point of fact no such reason was assigned in support of the motion, and none could have been, for, at the time the motion was made, no verdict had been rendered and no sentence imposed. There was, however, no duplication of punishment. There was evidence to support each of the counts of a distinct and independent nature. In support of the first count there was evidence that the respondent had in his possession a 150-gallon still, which was not in use at the time of the seizure. The third count was amply sustained by evidence showing that he had in his possession the 11½ cases of whisky which he had purchased; and the second count was likewise supported by evidence that he had a 250-gallon still in operation, that he was putting the manufactured liquor as it came from the still into the 5-gallon cans, and that he had manufactured a substantial quantity, for he then had some 86 or more 5-gallon cans of alcohol in his possession.

The judgment of the District Court is affirmed.