## PURCILLER v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
November 14, 1927.

No. 7676.

**1. Criminal law ☞901—Motion for directed verdict held abandoned by subsequent introduction of testimony and failure to renew motion.**

Motion for directed verdict at close of government's case was thereafter abandoned by defendant introducing testimony and failing to renew the motion.

**2. Criminal law ☞844(1)—Exceptions to charge must be specifically made.**

The exceptions to a charge must be specifically made, in order to give the court opportunity then and there to correct errors and omissions, if any.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Frank Purciller was convicted of violation of the White Slave Traffic Act, and brings error. Affirmed.

W. J. Owen and R. H. Davis, both of Joplin, Mo., for plaintiff in error.

Roscoe C. Patterson, U. S. Atty., and Harry L. Thomas and Margaret Latchem, Asst. U. S. Attys., all of Kansas City, Mo.

Before VAN VALKENBURGH, Circuit Judge, and OTIS, District Judge.

VAN VALKENBURGH, Circuit Judge. The plaintiff in error was tried and convicted in the Southwestern Division of the Western District of Missouri for a violation of the White Slave Traffic Act (18 USCA §§ 397–404). The indictment contains a single count. The errors urged in the brief filed are two.

[1] First. The court committed error in refusing to direct the jury to return a verdict of not guilty. This specification is not properly presented for review, because the demurrer interposed at the close of the government's case was thereafter abandoned by the introduction of testimony on the part of plaintiff in error, and by a failure to renew said demurrer or to move for a directed verdict at the close of the government's case. Feinberg v. United States (C. C. A. 8) 2 F.(2d) 955; Critzer v. United States (C. C. A. 9) 8 F.(2d) 266; Palazini v. United States (C. C. A. 1) 14 F.(2d) 886. However, the record has been examined, to ascertain whether there was such a total lack of evidence as to amount to a miscarriage of justice, and we find, on the contrary, that that evidence was amply sufficient to support the verdict and judgment.

[2] Second. It is urged that "the court improperly and prejudicially commented upon the facts and circumstances in evidence to the prejudice of the defendant." The exception to the charge upon which this assignment is based was as follows: "The defendant excepts to the charge of the court, in that the charge does not cover all of the law of the case, and that the charge of the court, so far as relates to the statement of facts is an improper comment upon the facts in the case and prejudicial to the interest of the defendant, as disclosing the view of the court to the jury, and we except to it for that reason."

In the brief the claim that the charge did not cover all the law of the case seems to be abandoned, as it well might be, because the charge fully and clearly declares the applicable law. The exception to the comment of the court upon the facts is so general in its nature that it may well be doubted whether by it any substantial question has been preserved for review. "Exceptions to a charge must be specifically made, in order to give the court opportunity then and there to correct errors and omissions, if any." Burns v. United States, 274 U. S. 328, 47 S. Ct. 650, 71 L. Ed. 1077.

However, the charge of the court has been carefully examined and considered in the light of this exception, and in it has been found nothing to justify the criticism preferred. The rights of the defendant are protected therein with painstaking care. The review of the evidence was dispassionate and well within the rule frequently announced by this court. Weiderman v. United States (C. C. A. 8) 10 F.(2d) 745; Buchanan v. United States (C. C. A. 8) 15 F.(2d) 496.

No error being perceived, the judgment below should be affirmed; and it is so ordered.