**In re DOOLEY et al.**
**No. 195.**

Circuit Court of Appeals, Second Circuit.
March 9, 1931.

J. Edward Lumbard, Jr., of New York City (Seymour B. Quel, of New York City, of counsel), for appellants.

Robert E. Manley, Acting U. S. Atty., of New York City (Arthur H. Schwartz, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This appeal involves the proper scope of the order of the District Court to be entered on a motion for the return of articles seized by prohibition agents at the premises of J. M. Dooley Fireproof Warehouse Corporation in the course of an illegal search. The illegality of the search and seizure is not questioned. The order directed the return of the articles seized and enjoined their use in any prosecution of J. M. Dooley Fireproof Warehouse Corporation, Joseph M. Dooley, its president, and Joseph M. Dooley, Jr., Frederick Dooley, and William M. Dooley, the three sons of the president of the corporation, who, with him, were at the premises at the time of the unlawful raid.

The petitioners by this appeal seek to have the order of the District Court so modified as to provide that the property seized be suppressed as evidence not merely as against themselves but as against all persons. Their contention is that the policy of the Fourth and Fifth Amendments to the Constitution precludes the use of illegally seized property as evidence against anyone whatever. But it has been held by an impressive weight of authority that the objection to an unlawful search and seizure is personal and cannot be successfully raised by third parties. Rouda v. United States (C. C. A.) 10 F.(2d) 916; Lusco v. United States (C. C. A.) 287 F. 69; Ganci v. United States (C. C. A.) 287 F. 60; Morris v. United States (C. C. A.) 26 F.(2d) 444; Graham v. United States (C. C. A.) 15 F.(2d) 740; Cantrell v. United States (C. C. A.) 15 F.(2d) 953; Lewis v. United States (C. C. A.) 6 F.(2d) 222; Remus v. United States (C. C. A.) 291 F. 501; Chicco v. United States (C. C. A.) 284 F. 434; Tsuie Shee v. Backus (C. C. A.) 243 F. 551; Moy Wing Sun v. Prentis (C. C. A.) 234 F. 24.

It is argued that the reasoning of the Supreme Court in Silverthorne Lumber Company v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426, goes so far as to preclude evidence obtained through an unlawful search even as against persons whose rights have not been invaded. We cannot concur in such an interpretation of that decision. There the premises of the Silverthorne Lumber Company were unlawfully searched and property of the corporation and its officers was seized. The papers were returned pursuant to a court order, and thereafter the corporation and two of the Silverthornes were indicted with others for conspiring to defraud the United States. The two Silverthornes, who were officers of the company, had their offices on the premises of the Silverthorne Lumber Company and one of them, Frederick Silverthorne, was served with a subpœna duces tecum directed to him individually and as president of the corporation requiring the production upon the trial of corporate papers found during the illegal search. Because the corporation and its officers could not claim immunity under the Fifth Amendment from the production of corporate papers, it was contended in the Silverthorne Case that the Fourth Amendment likewise did not protect them from an unlawful search for corporate papers and so would not prevent the United States from requiring the production of the corporate papers at the trial. The Supreme Court held that a corporation enjoys the immunities granted by the Fourth Amendment to the same extent as an individual, and that the subpœna did not lie because the papers un-

lawfully seized could not be used as evidence against the corporation or its officers. Such a decision was necessary in order to afford adequate protection to the corporation against an unlawful search and seizure. If corporate property illegally seized could be used in evidence against the officers, there would be little inducement offered to government agents to abstain from raids, seeing that the only real detriment the prosecution would suffer in such circumstances for its unlawful conduct would be the inability to have fines imposed upon a corporate defendant. The court did no more than hold that, where the search had invaded the rights of all the defendants, the papers seized could not be used against any of them, even though the papers called for by the subpœna were only corporate papers.

Here the District Court has granted the identical relief which the Supreme Court granted in the Silverthorne Case and has refused relief only in respect to persons who were not before the court and whose rights, so far as the record shows, were not invaded at all.

In Remus v. United States, 291 F. 501, 511, the Court of Appeals of the Sixth Circuit said that an unlawful seizure of the property of one defendant did not prevent its use on the trial as against other defendants who were neither "interested * * * in the premises searched or the property seized."

The rule of the common law that an illegal search does not affect the rules of evidence was modified for the courts of the United States by the decision of the Supreme Court in Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. This was apparently because the protection of individuals from unlawful searches and seizures was regarded as more important than conviction of the guilty. Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520; Go-Bart Importing Co. v. United States, 51 S. Ct. 153, 75 L. Ed. ——, decided by Supreme Court January 5, 1931. But taking the step involved in the Weeks Case was a far different matter from going so far as to protect by injunctive order individuals who are not before the court and whose rights, so far as appears, have not been invaded at all. If property of persons other than the Dooleys and their corporation was seized on the unlawful search of the Dooley premises, the rights, if any, which such persons may have, can be tested by a motion to quash any subpœna duces tecum hereafter issued for the production of the property. We can see no propriety in anticipating future contingencies by enlarging the injunction granted by the court below. At best the only object of the appellants is to protect other persons from troubles with which they have no concern.

Order affirmed.