## UNITED STATES v. LEVINSON et al.
### No. 96.

Circuit Court of Appeals, Second Circuit.
Nov. 2, 1931.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for appellants.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Emanuel Bublick, and William T. Cowin, Asst. U. S. Attys., all of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

The appellants were convicted on the first count of the indictment charging conspiracy (18 USCA § 88) to violate the National Prohibition Act (27 USCA § 12) and sentenced to serve a prison term and to pay a fine of $600; a second count charging transportation of intoxicating liquors in violation of title 2, §§ 3, 26, of the National Prohibition Act (27 USCA §§ 12 and 40); a third count charging possession of intoxicating liquors in a motortruck (27 USCA § 12); and a fourth count possession of intoxicating liquors on board a motorboat in violation of section 3 of the National Prohibition Act (27 USCA § 12). The sentence imposed on the second count charging transportation was suspended. The sentence on the third count was to pay a fine of $400; sentence on the fourth count was suspended. Since sentence was suspended on the transportation charge, the second count, it is not reviewable here. U. S. v. Lecato et al., 29 F.(2d) 694 (C. C. A. 2).

The court erroneously imposed a fine of $400 on the third count, when it retained

jurisdiction to sentence for transportation. It could not do both. It was the possession in the truck that resulted in the conviction for transportation from the boat to the truck. Schroeder v. United States, 7 F. (2d) 60 (C. C. A. 2); United States v. Rubin, 49 F.(2d) 273 (C. C. A. 2). While sentence remained suspended on the second count, the transportation, it left with the court the power to sentence on that count, which, if done, would impose a double punishment, since the two counts, the second and third, charge but a single offense. The conviction on the third count will be reversed, and the case remanded for further disposition as to the sentence in the court below. There is ample evidence to support the conviction on the first count, and we find no errors assigned which require reversal.

Affirmed as to the first count, and reversed as to the third count.