**UNITED STATES v. CRUSHIATA et al.**
**No. 434.**

Circuit Court of Appeals. Second Circuit.
June 13, 1932.

Joseph M. Crooks, of Brooklyn, N. Y. (James E. Wilkinson, of Brooklyn, N. Y., of counsel), for appellants.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

It is claimed that the entry of the barn under the circumstances above outlined was unlawful and that the evidence so acquired was erroneously admitted against these appellants because obtained through an unlawful search and seizure. Without meaning to indicate an agreement with this contention, it is enough for present purposes to point out that, if the entry was in violation of the rights of any one, these defendants are not the ones who may raise that issue. They were merely workmen without any interest in the premises invaded or the property seized. United States v. Messina et al. (C. C. A.) 36 F.(2d) 699; In re Dooley (C. C. A.) 48 F.(2d) 121. On the other hand, their lack of interest in the premises, the stills, or their contents does not affect their status as manufacturers of intoxicating liquor. They were the only persons present at the place where the stills were being used to make such liquor. One was actually shoveling coal used in such manufacture, and both said they worked there. There was nothing to indicate that they worked there for any other purpose than the manufacture of whisky, and all reasonable conclusions to be drawn from the evidence were to the affect that they were engaged in operating illicit stills to make such liquor. At least the jury was justified in finding that to be the fact beyond a reasonable doubt. Such evidence in the case made the guilt or innocence of the defendants under the manufacturing count a question for the jury. De Gregorio v. United States (C. C. A.) 7 F.(2d) 295; United States v. Dibella (C. C. A.) 28 F.(2d)

805; Palazini v. United States (C. C. A.) 14 F.(2d) 886. Nor did United States v. Molyneaux (C. C. A.) 55 F.(2d) 912, decide anything to the contrary. In that case Molyneaux was charged with having violated section 20 of the Radio Act of 1927 (47 USCA § 100), and his conviction was reversed because the evidence, while it did show that he was present where a transmitting apparatus was being unlawfully operated, was insufficient to show that he operated it. The statute under which he was prosecuted required proof that the accused actually operated the set himself.

■ There was, however, no proof of unlawful possession of intoxicating liquor except such possession as was a necessary incident of manufacture. That possession of the contraband which its manufacture required was not a separate offense for which the appellants could be convicted in addition to their conviction under the manufacturing count. Rouda v. United States (C. C. A.) 10 F.(2d) 916; Schroeder v. United States (C. C. A.) 7 F.(2d) 60, 65; United States v. Levinson et al. (C. C. A.) 54 F.(2d) 363.

Judgment on the fifth count affirmed; judgment on the sixth count reversed.