William T. KINSELLA, Appellant,

v.

Chesley H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 4982.

United States Court of Appeals, Tenth Circuit.

Nov. 26, 1954.

William T. Kinsella filed a brief pro se.

Milton P. Beach, Asst. U. S. Atty., Oskaloosa, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying an application for a writ of habeas corpus. Kinsella[1] was charged by indictment containing two counts, returned in the United States District Court for the Northern District of Illinois, Eastern Division, with violations of 18 U.S.C.A. § 1708. The first count charged that Petitioner did unlawfully steal a letter from and out of a house letter box. The second count charged that Petitioner unlawfully abstracted and removed from such letter the contents contained therein. Thereafter, on June 13, 1952, he entered a plea of guilty to each count of the indictment and was sentenced to imprisonment for a period of five years. Thereafter, Petitioner, through his counsel, filed a motion to reduce such sentence, and on August 19, 1953, the court modified the sentence to imprisonment for a period of one year on Count One and to imprisonment for one year on Count Two, such sentences to run consecutively.

The court had jurisdiction under 28 U.S.C.A. § 2255, on motion of Petitioner, to modify the sentence, although more than 60 days had transpired since the imposition of the five-year sentence.

The test for determining whether the offenses charged in two counts of an indictment are identical is whether the facts alleged in one, if offered in support of the other, would sus-

---

1. Hereinafter called Petitioner.

tain a conviction. Where each count requires proof of a fact which the other count does not, the two offenses charged are not identical.[2]

■ Applying that test, we are of the opinion that each of the two counts required proof of a fact which the other did not, and therefore charged separate and distinct offenses.

Affirmed.

2. Bracey v. Zerbst, 10 Cir., 93 F.2d 8, 9 and cases there cited; Tesciona v. Hunter, 10 Cir., 151 F.2d 589, 591 and cases there cited.