**UNITED STATES of America,
Appellee,**

v.

**Herman Ulysses GUMBS, Jr., Appellant.**

**No. 396, Docket 24645.**

United States Court of Appeals
Second Circuit.

Argued June 13, 1957.

Decided July 11, 1957.

Paul W. Williams, U. S. Attorney, New York City (Album C. Martin and Robert W. Bjork, Asst. U. S. Attorneys, New York City, of counsel), for appellee.

Florence M. Kelley, New York City (Jerome T. Orans and Leonard M. Leiman, of New York City, of counsel), for appellant.

Before CLARK, Chief Judge, and CHASE and HINCKS, Circuit Judges.

CHASE, Circuit Judge.

The appellant, when arraigned on August 17, 1953 in the court below, waived indictment and pleaded guilty on

both of two counts in an information. The first count charged the appellant, and one Williams, with the theft of a letter from an authorized hallway letter box in a building in the City of New York; and the second charged both with the unlawful possession of the contents of the same letter, knowing it to have been stolen. See, § 1708 of Title 18 U.S.C.

The appellant was then sentenced to imprisonment for six months on the first count and, imposition of sentence on the second count having been suspended, he was placed on probation for three years, beginning at the expiration of his sentence, subject to the provisions of the standing probation order of the court.

After he had served his sentence, the appellant was on March 5, 1957 again before the court charged with the violation of the terms of the probation order and admitted the violation. The proceedings were continued to March 18, 1957 for sentence and on that day the appellant was permitted to withdraw his admission and to make denial of the claimed violation. Following another adjournment of the proceedings, he again admitted his violation of the probation order but moved to vacate the order and to dismiss the petition charging its violation. That motion was denied and he was sentenced to imprisonment for six months on count two of the information.

The appellant relies for reversal upon his contention that he has been twice sentenced for the same crime. This is what he did and participated in doing: He and Williams, having made up their minds to obtain funds for the purchase of narcotics by stealing letters from the mail, went to the building where the hallway letter box was and, while the appellant remained outside to act as a lookout, Williams went inside, stole the letter from the box, brought it out, and gave it to the appellant. The appellant then opened the letter and withdrew a check which he put in his coat pocket with the letter. As the two started to go away they were arrested and

the proceedings above outlined were the aftermath of the arrest.

■ It is well established that " * * where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306. Instances of our recognition of this principle are found in Schroeder v. United States, 7 F.2d 60; Schechter v. United States, 7 F.2d 881; Rouda v. United States, 10 F.2d 916; United States v. Levinson, 54 F.2d 363; United States v. Crushiata, 59 F.2d 1007; and more recently United States v. Chiarella, 187 F.2d 12. There was a somewhat limited but very recent application of the rule by the Supreme Court in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370.

■ We do not think, however, that the instant case is governed by any of those above mentioned since it is distinguishable for the following reasons: Clearly the appellant, acting as a lookout, did aid and abet Williams in the actual theft of the letter and the appellant's unlawful participation in that theft was completed before Williams gave the letter to the appellant. The appellant was then punishable as a principal. Title 18 U.S.C. § 2.

Since the unlawful removal of the letter from the box under circumstances which made him guilty of the theft of the letter could be proved without showing his possession of it at all, this is not an instance where his possession was a necessary incident of the count-one offense. Consequently the reason for the application of the above mentioned rule, sometimes called a merger of offenses, is absent here. The appellant's taking possession of the letter was a separate, subsequent, additional act related to the crime charged in count one only in that it was part of the method the appellant

elected to adopt in trying to carry out the over-all purpose for which he participated in the theft viz., to use the contents of the letter to obtain money. Since it had no relation to the theft either as something which was a material part of the offense itself or as an act physically necessary for the appellant to perform in aiding and abetting Williams' theft of the letter, it was a separate and distinct physical act which, being unlawful because the appellant certainly knew the letter had been stolen, was a separate and distinct crime punishable as such. Kinsella v. Looney, 10 Cir., 217 F.2d 445; Aaronson v. United States, 4 Cir., 175 F.2d 41; Oddo v. United States, 2 Cir., 171 F.2d 854; United States v. Uram, 2 Cir., 148 F.2d 187.

In view of the above disposition of the appeal, we pass without decision the question raised by the government as to whether the appellant waived his constitutional immunity from double jeopardy by pleading guilty to both counts when he was arraigned on the information.

Affirmed.

HINCKS, Circuit Judge (concurring).

Obviously it is impossible to tell from the face of the information whether the two counts charged two separate offenses or only one. If the appellant had pleaded not guilty to one or the other of these counts, the proofs would have answered this question by showing either a single offense or two separate offenses, such possibly as Judge Chase, by drawing on the affidavit by Government counsel, has described.

Certainly the record does not show affirmatively that only one offense was involved. And, in my opinion, the appellant, by pleading guilty to both counts and thus foreclosing proofs which would show whether two offenses or only one were charged, waived the defense of double jeopardy. Harris v. United States, 8 Cir., 237 F.2d 274; United States v. Harrison, D.C., 23 F.Supp. 249, affirmed 2 Cir., 99 F.2d 1017. I should prefer to posit affirmance on that ground.