**S. J. WILBURN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18730.**

United States Court of Appeals Fifth Circuit.

May 9, 1961.

Ben G. Levy, Houston, Tex., for appellant.

Wm. B. Butler, U. S. Atty., Monroe Northrop, Asst. U. S. Atty., Randolph F. Wheless, Jr., Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant was convicted on two counts of a four count indictment which charges him with illegal possession of different items of stolen mail matter, knowing the same to have been stolen, in violation of Title 18 U.S.C.A. § 1708.

On the trial of the case, defendant's main line of attack was that the government's prime witness, Martin, was himself a self confessed accomplice in the crime with which the defendant was charged and that his evidence was not sufficiently corroborated. When the evidence closed, defendant made a motion for an instructed verdict based on and limited to this ground, which motion was denied.

Here, while making his prime point that his request for an instructed verdict should have been granted, he presents an entirely different reason. This is that the evidence was insufficient to prove that the mail matter had, as charged, been stolen after having been left for collection on an authorized depository for mail matter, and that the proof was insufficient to show that the letters in question had been taken without the consent of the sender or the recipient.

The United States, pointing out that this was not the ground of the motion below, insists that it may not be considered here because it was not presented below, unless indeed, as the government insists is not the case, it would be a miscarriage of justice, upon the record as a whole, for the court not to consider the point, though not presented below. Though Tomley v. United States, 5 Cir., 250 F.2d 549 and Smyly v. United States, 5 Cir., 287 F.2d 760 do seem to lend support to the government's claim. Huff v. United States, 5 Cir., 273 F.2d 56 seems in general purport to be contrary. Since the United States, in addition, urges that the evidence, though circumstantial, was ample to prove that the mail was, as charged, stolen after it had been left for collection on an authorized depository for mail matter, and we agree that there was no sound basis for the motion, the denial of which is here attacked as error, we will not undertake to reconcile these opinions. It will be sufficient to say that, in view of the positive evidence of Martin, the defendant's accomplice: as to the possession by defendant with knowledge of the stolen mail matter, that defendant had told him that the letters had been stolen from their place of deposit for collection; and the other evidence, as to the mailing by the senders and the failure of receipt through the mails by the addressees; the record as a whole makes out a case of such flagrant and clear violation as to completely establish that the verdict was a just verdict and a reversal would be a miscarriage of justice, and we agree fully with the United States that the ground now asserted for the direction of a verdict is really frivolous. The testimony of Martin and the other testimony of the deposit in various banks of the various stolen checks and the admitted fact of the attempted burning, by defendant, with the recovery of the charred remains, of some of the letters, makes out a case of a flagrant knowing violation of the statute by the defendant and establishes not only that the court did not err in denying his motion to direct a verdict but that the evidence of defendant's guilt is overwhelming.

No reversible error appearing, the judgment is

Affirmed.