**S. J. WILBURN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20685.**

United States Court of Appeals
Fifth Circuit.

Jan. 21, 1964.

S. J. Wilburn, Seagoville, Tex., for appellant.

Carl Walker, Jr., James R. Gough, Asst. U. S. Attys., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, BROWN and BREITENSTEIN,* Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Wilburn seeks relief under 28 U.S.C. § 2255 on the ground that he was convicted of, and sentenced on, two separate offenses whereas the record shows that he committed but one.

Wilburn was charged in a four-count indictment with unlawfully possessing stolen letters, knowing the same to have been stolen, in violation of 18 U.S.C. § 1708. Each count referred to a separate letter. He was found guilty on counts 2 and 4. In count 2, Wilburn and one Martin were jointly charged with the possession on or about September 4, 1959, of a stolen letter addressed to Stewart Title Company. In count 4, Wilburn was charged alone with the possession on or about September 9, 1959, of a letter ad-

* Of the Tenth Circuit, sitting by designation.

dressed to Ray L. Ryan. On direct appeal from the judgment of conviction this court said:[1] "the evidence of defendant's guilt is overwhelming."

The record shows that each letter came from a mail depository located in a Houston office building and establishes theft from that depository on only one occasion.

If the defendant had been charged with the theft of mail under either of the first two paragraphs of § 1708 and the evidence established the taking of a mail bag containing a number of letters, the situation would be different from that which confronts us. The gravamen of such an offense would be the theft of the mail bag and a separate offense could not be predicated on each letter in the bag. The theft would have been one act committed at one time.

The defendant was indicted under the third paragraph of § 1708 which forbids a person to have "in his possession, any letter * * * which has been so stolen, * * * knowing the same to have been stolen * * *." The gravamen of the offense is possession of a stolen letter with knowledge of the stealing; and the charges are that he and another possessed one letter on one day and that he alone possessed another letter on a later date.

 The usual test to distinguish separate offenses from elements of a single offense is whether each purported offense would require the proof of a fact not essential to the other.[2] If the record showed that appellant stole or secured possession of a mail bag with the letters therein, then the proof of one fact would prove the other. Such is not the case. The conviction on count 2 is based on the testimony of an accomplice that appellant approached him about passing some stolen checks and gave him a group of checks which included one taken from the letter described in count 2. The evidence relating to count 4 is entirely different. Appellant was identified as the man who burned some papers in a trash can. Among the partially burned papers was the letter mentioned in count 4. Thus, we have two separate acts relating to two separate items on two different days. The proof under one count does not prove an offense under the other count. The only unity is that the letters were mailed on the same day in the same depository. The circumstances of how the theft occurred and how the appellant obtained possession are left to speculation.

The cases relied on by the appellant are not in point. In Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905, a Mann Act prosecution, two women were transported interstate for immoral purposes on the same trip and in the same vehicle. Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199, related to an assault on two federal officers by a person doing one act at one time. In Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75, five forged money orders were transported interstate at one time and on one trip.

Blockburger v. United States, 284 U.S. 299, 302, 52 S.Ct. 180, 76 L.Ed. 306, approved in Gore v. United States, 357 U.S. 386, 388, 78 S.Ct. 1280, 2 L.Ed.2d 1405 distinguishes between individual acts constituting distinct wrongs and a course of action evidenced by multiple wrongs. The possession of the same stolen letter over a period of time is a course of conduct; but we do not have that situation. Instead, we are concerned with two distinct wrongs—one the possession with another of a particular stolen letter on a particular day, and the other, the individual possession of a different stolen letter on a different day.

The motion "to deny, supress (sic), and withhold" the brief of the United States is denied.

Affirmed.

HUTCHESON, Circuit Judge (concurring specially).

I concur in the opinion and the result, but I should like to add that, after read-

1. Wilburn v. United States, 5 Cir., 290 F.2d 218, 219.

2. Pereira v. United States, 347 U.S. 1, 9, 74 S.Ct. 358, 98 L.Ed. 435.

ing the various cases in which similar questions have been discussed, including Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435, Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405, Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199, and Wilburn v. United States, 290 F.2d 218, I am convinced that Mr. Justice Frankfurter in the Gore case, 357 U.S. at p. 393, 78 S.Ct. 1285, 2 L.Ed.2d 1405, put his finger precisely on the source of the apparent difficulties which these and similar cases have presented when he said:

> "In effect, we are asked to enter the domain of penology, and more particularly that tantalizing aspect of it, the proper apportionment of punishment. * * * these are peculiarly questions of legislative policy."