Sutherland v. Mayer, 271 U.S. 272, 288, 46 S.Ct. 538, 70 L.Ed. 943 (1926). But these cases deal with whether an agent's authority is terminated by war, a question we regard as irrelevant. Certainly if von Clemm ever had any authority to bind the German government, the intervention of war did not alter the intent of the parties to that agency. And the word "agent" in § 2 does not really mean an agent in the sense of one with authority to bind, rather, it means merely one who carries out instructions, an operative, as in the colloquial "secret agent." Since one could be found to be an enemy agent having no authority to bind the enemy government, cases dealing with the termination of commercial agency are inapposite.

■ All von Clemm has to meet his burden is his denial, which was not believed, his correspondence with his attorney concerning the dissolution of the Bridge partnership, and the rather equivocal "refusal" of the Le Coultre shipment. It was not error for the District Court to conclude that he had not met his burden of proving non-enemy status.

Affirmed.

E. V. Boagni, Asst. U. S. Atty., Shreveport, La., for appellee.

Before TUTTLE, Chief Judge, and BROWN and COLEMAN, Circuit Judges.

PER CURIAM:

Appellant moved to vacate sentence under 28 U.S.C.A. § 2255, alleging that he was improperly sentenced for two offenses, when in fact only one offense was involved. The offenses charged, and for which Appellant is now serving consecutive sentences, were (1) stealing a letter from an authorized mail receptacle; and (2) abstracting from the same letter a Louisiana welfare check, 18 U.S.C.A. § 1708. The District Court held that these constituted two separate and distinct offenses and therefore supported two separate sentences. We agree and affirm. Poffenbarger v. Aderhold, 5 Cir., 1933, 67 F.2d 250, cert. denied, 1934, 290 U.S. 703, 54 S.Ct. 375, 78 L.Ed. 604, following Poffenbarger v. United States, 8 Cir., 1927, 20 F.2d 42; Kinsella v. Looney, 10 Cir., 1954, 217 F.2d 445; see United States v. Gumbs, 2 Cir., 1957, 246 F.2d 441; cf. Wilburn v. United States, 5 Cir., 1964, 326 F.2d 903; Tesciona v. Hunter, 10 Cir., 1945, 151 F.2d 589.

Affirmed.

**Murphy JENKINS, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22593.**

United States Court of Appeals
Fifth Circuit.

July 8, 1966.