UNITED STATES of America, Plaintiff-Appellee,

v.

James Lester BENNETT, Defendant-Appellant.

No. 17785.

United States Court of Appeals Sixth Circuit.

Oct. 17, 1967.

---

James Lester Bennett, in pro per.

Thomas L. Robinson, U. S. Atty., Odell Horton, Jr., Asst. U. S. Atty., Memphis, Tenn., for appellee.

Before WEICK, Chief Judge, and EDWARDS and COMBS, Circuit Judges.

PER CURIAM.

On March 11, 1966, this court affirmed on order the convictions and sentences of defendant Bennett on eight counts of transporting stolen automobiles in interstate commerce or selling same, knowing them to be stolen, in violation of 18 U.S.C. §§ 2312 and 2313 (1964).

Subsequently, on October 17, 1966, the United States Supreme Court denied defendant's petition for writ of certiorari. Bennett v. United States, 385 U.S. 903, 87 S.Ct. 214, 17 L.Ed.2d 134 (1966).

Thereafter, defendant filed a motion under Rule 35, Fed.R.Crim.P. for correction or reduction of sentence. This motion was denied by a United States District Judge for the Western District of Tennessee.

On appeal from denial of this motion, defendant contends that the interstate transportation of four automobiles, two of which were involved in Counts 3, 4, 5 and 6, (on which defendant received concurrent sentences of five years) and two in Counts 7 and 8 (on which defendant received concurrent sentences of five years, which were to be served consecutively to those involved in Counts 3, 4, 5 and 6) was actually all part of one illegal transaction. Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L. Ed. 905 (1955).

The test set forth in Bell is what Congress made "the allowable unit of prosecution." The statute at issue here says:

"§ 2312. Transportation of stolen vehicles.

"Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both." 18 U.S.C. § 2312 (1964).

It is difficult to find any grounds for asserting that Congress intended this language, when applied to the facts in this case, to do other than authorize a prosecution for the transportation in interstate commerce of each stolen car. United States v. Antrobus, 191 F.2d 969 (C.A.3, 1951), cert. denied, 343 U.S. 902, 72 S.Ct. 637, 96 L.Ed. 1321 (1952).

In this case there were four automobiles. The evidence indicated that they were stolen in Detroit or Highland Park, Michigan, and driven to Tennessee by four individual drivers. Counts 3, 4, 5 and 6 concerned transporting two stolen Cadillac automobiles from Detroit to Millington, Tennessee, and selling them. Counts 7 and 8 charged transporting two stolen Chevrolets from Detroit to Memphis, Tennessee, in one case and to Newbern, Tennessee, in the other.

We find no merit to defendant's contention that these acts constituted one

transaction and hence one offense. The evidence required to establish the offenses charged in Counts 3, 4, 5 and 6 was certainly not identical to that required to establish the offenses charged in Counts 7 and 8. See Rayborn v. United States, 234 F.2d 368 (C.A. 6, 1956); Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

The judgment of the District Court is affirmed.