**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph M. PETTIS, Defendant-Appellant.**

**No. 18236.**

United States Court of Appeals
Sixth Circuit.

June 21, 1968.

---

Boyce F. Martin, Jr. (Court Appointed), Louisville, Ky., for appellant.

Merle M. McCurdy, U. S. Atty., Robert J. Rotatori, Asst. U. S. Atty., Cleveland, Ohio, for appellee.

Before O'SULLIVAN and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Defendant in this case was convicted of violating 18 U.S.C. § 1708 (1964) by unlawful possession of two dividend checks, knowing them to have been stolen from the mails.

The evidence at the trial established that both checks were placed in the mails on November 4, 1964, at the same time and place, and that the checks were cashed, but on different days. Both payees testified that they did not receive the checks or cash them. The record is blank as to the actual occurrences between the time the checks were placed in the mails and the time they were presented for payment.

The government's proof of defendant's illegal possession of the checks consisted of the facts above, plus defendant's fingerprints on the checks and evidence that the endorsement on the back of each check was in his handwriting.

A jury in the United States District Court for the Northern District of Ohio having convicted defendant on both counts, he was sentenced to three years on each count, to be served consecutively. His appeal from the denial of his motion to correct sentence concerns solely the question as to whether or not the offenses here charged in two counts were in fact unitary under the doctrine of Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955).

We believe that the act of possessing these two stolen checks was not "a single transaction" within the meaning of *Bell* (Bell v. United States, 349 U.S. 81, 84, 75 S.Ct. 620, 99 L.Ed. 905 (1955)) and that the testimony required in this case to establish the offenses charged in the two counts "was certainly not identical." United States v. Bennett, 383 F.2d 398, 400 (6th Cir. 1967), cert. denied, 390 U.S. 972, 88 S.Ct. 1077, 19 L.Ed.2d 1184 (1968); Wilburn v. United States, 326 F.2d 903 (5th Cir. 1964).

Affirmed.