UNITED STATES of America, Appellee,

v.

Tyrone Nathaniel BOLDS, Appellant.

No. 24596.

United States Court of Appeals, Ninth Circuit.

March 23, 1970.

appellants in return for the $1000 bill. The trial judge may not have been too artful in the language used, but his intent was evident. He told the jury on eight occasions that they were the sole judges of the facts.

The guilt of appellant was clearly shown. The comment was not improper and in any event no objection was made.

The judgment is affirmed.

W. Burton Golden (argued), San Francisco, Cal., for appellant.

Wm. Rubridge (argued), Asst. U. S. Atty., Jerrald E. Olson, John M. Darrah, Asst. U. S. Attys., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before MADDEN,* Judge of the Court of Claims, and CARTER and TRASK, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury of selling 24 stolen U. S. Money Orders, knowing them to have been stolen, a violation of 18 U.S.C. § 641. He was sentenced under the Federal Youth Correction Act.

Seattle detectives, tipped off by one Druxman, observed appellant hand an envelope to Druxman and receive a $1000 bill from him. The envelope was later found to contain the stolen money orders. Appellant testified that he was returning two IOUs to Druxman for the $1000 bill and that he did not sell and had never seen the stolen money orders.

The sole claim of error is that the trial judge, as part of his charge to the jury, improperly commented to the jury on the evidence. No objection was taken under Rule 30, Fed.R.Crim.P.

The trial judge by his comment, attempted to narrow the issue to be decided by the jury to whether or not stolen money orders or IOUs were transferred by