**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Don Merkle JOHNSON, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Julius Pastor GANT, Defendant-
Appellant.**

**Nos. 71-1688, 71-2024.**

United States Court of Appeals,
Ninth Circuit.

July 3, 1972.

David M. Rothman, (argued), Los Angeles, Cal., Richard L. Knickerbocker, (argued), Torrance, Cal., for appellant.

Barry Russell, Asst. U. S. Atty., (argued), Eric A. Nobles, Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before KOELSCH, DUNIWAY and KILKENNY, Circuit Judges.

PER CURIAM:

Don Merkle Johnson and Julius Pastor Gant were convicted at trial by jury of four counts of violating 18 U.S.C. § 1708, possession of stolen mail, specifically four welfare checks issued by the State of California. Johnson and Gant appealed separately; their appeals were consolidated for argument and decision. We affirm each judgment.

1. *Johnson's Appeal.*

Johnson urges that the government failed to prove that the letters were in the mail, an essential element of the offense. He is mistaken. It was stipulated that the checks were duly placed in the mail, but were never received by the addressees. Letters are of course protected as within the mail and the subject of the charged offense, so

long as they are in possession of the post office or in a mail receptacle. And the law is settled that the jury may infer "from the facts that a properly addressed and recently mailed item was never received by the addressee and that the item was found in defendant's possession the further fact that the possessor stole the item from the mail." United States v. Birnstihl, 441 F.2d 368, 369 (9th Cir. 1971); United States v. Hines, 256 F.2d 561 (2d Cir. 1958).

■ Johnson also urges reversal on the ground that the judge made prejudicial comments during the trial, and on the further ground that in instructing the jury the judge commented on the evidence in a manner that was unfair and prejudicial. We have examined the record of the trial, and while we find that the judge did make unnecessary and perhaps objectionable comments, we cannot say that they were such as to deprive Johnson of a fair trial. See, e. g., Bush v. United States, 267 F.2d 483 (9th ·Cir. 1959); Gordon v. United States, 438 F.2d 858 (5th Cir. 1971), cert. denied, 404 U.S. 828, 92 S.Ct. 139, 30 L.Ed.2d 56, and Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L. Ed. 1321 (1933); Rowell v. United States, 368 F.2d 957 (8th Cir. 1966), cert. denied, 386 U.S. 1009, 87 S.Ct. 1353, 18 L.Ed.2d 438. As to the instructions to the jury, Rule 30 F.R.Crim.P. applies, and no timely objection was made as that rule requires. Our inquiry is therefore limited to the question whether the instructions constitute plain error. Rule 52(b) F.R.Crim.P.; United States v. Bolds, 423 F.2d 1218 (9th

Cir. 1970); Franano v. United States, 310 F.2d 533 (8th Cir. 1962). We are not convinced that they do.

Finally, Johnson urges the defense of entrapment, relying on our recent case of Greene v. United States, 454 F.2d 783 (9th Cir. 1971). The facts in this case are materially different; *Greene* is inapplicable.[1]

## 2. *Gant's Appeal.*

■ Gant assigns as error the admission of evidence consisting of a statement made by one Pete to a government agent. However, the trial judge's ruling was correct; Pete was a co-conspirator with Gant and his statement was made in furtherance of the conspiracy. Salazar v. United States, 405 F.2d 74 (9th Cir. 1968).[2] It does not matter that the defendants were not charged with a conspiracy. When the record shows that they were both parties to the venture, the rule is that what either of them said in furtherance of the venture is admissible against the other. United States v. Pugliese, 2d Cir. 1945, 153 F.2d 497, 500.

Gant also urges there was no evidence showing him to be other than an innocent bystander. However, the record discloses substantial evidence tending to show that he was an active participant in the crimes and the jury's resolution of the conflict is binding on this court.

■ It is unnecessary to determine whether but one offense was established. The sentences imposed on each of the four convictions were of equal length and were concurrent.[3]

Affirmed.

1. In *Greene* the evidence established direct and continuous government involvement over a long period of time in the creation, financing and maintenance of the criminal operation—an illegal still; however, here the only government involvement was a loan of five dollars gas money to a more than willing thief.

2. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) is not apposite where the hearsay rule is not violated. United States v. Arceneaux, 437 F.2d 924 (9th Cir. 1971).

3. The Sixth Circuit, we note, gave such an argument short shift on the merits. United States v. Pettis, 396 F.2d 800 (1968).