891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
ILDEFONSO REINA-HERRERA, Defendant-Appellant.
 No. 88-5405.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Ildefonso Reina-Herrera, appeals pro se from the district court's denial of his Federal Rule of Criminal Procedure 35 Motion to Correct an Illegal Sentence. Reina contends on appeal that the district court erred in upholding consecutive terms of imprisonment for the crimes of conspiracy to possess and distribute cocaine, 21 U.S.C. § 846, and possession with intent to distribute cocaine, 21 U.S.C,. § 841(a)(1), because the criminal conduct was a continuous single scheme. He also contends that the district courts were powerless to impose consecutive terms without specific statutory authorization which did not exist until 1984 under 18 U.S.C. § 3584(a) (Supp.1989). We disagree and affirm.
 
 
 3
 Reina entered a plea of guilty to two counts of a three-count indictment on November 24, 1981. The pleas were entered to count one, conspiracy to possess and distribute cocaine and count three, possession with intent to distribute cocaine. The government dismissed the second count. Following a pre-sentence investigation, the district court accepted the plea and sentenced Reina to consecutive sentences of twelve years' imprisonment on count one, eight years on count three and a special 25-year parole.
 
 
 4
 * CONSPIRACY AND SUBSTANTIVE OFFENSE
 
 
 5
 Reina contends that the consecutive sentence was unlawful because his criminal conduct was part of a continuous single scheme and therefore constituted a single offense. Appellant cites United States v. Palafox, 764 F.2d 558 (9th Cir.1985) (en banc), for the proposition that only a single punishment may be imposed for the criminal scheme in which he participated. Palafox, however, involved charges of possession and distribution revolving around a single incident in which the defendant gave a sample of the drug and retained the rest for immediate distribution. Id. at 560. Reina's convictions for conspiracy and possession cover conduct over a period of days and several incidents. Id, at 560. The court emphasized in Palafox that identity of time, place and participants was essential. Id. Reina's case is similar to United States v. McQuisten, 795 F.2d 858 (9th Cir.1986), in which this court upheld multiple sentences for both conspiracy and attempt to manufacture methamphetamine. Distinguishing Palafox, we explained in McQuisten "[n]or do we have merely successive steps in one criminal undertaking ... [r]ather we have distinct criminal acts. First there was the conspiracy. That was followed by a number of separate transactions and events involving different people at various locations over a period of months." Id. at 868. In the instant matter, Reina was involved in an ongoing conspiracy encompassing many separate acts over a period of months.
 
 
 6
 "The well-established rule is that the conspiracy to do an act and the completed substantive offense are separate crimes for which separate sentences can be imposed." United States v. Batimana, 623 F.2d 1366, 1370 (9th Cir.1980), cert. denied, 449 U.S. 1038 (1980) (emphasis added). Additionally, prosecution for both conspiracy and a substantive offense based on the same conduct does not violate the double jeopardy clause. United States v. Huber, 772 F.2d 585, 591 (9th Cir.1985).
 
 
 7
 Reina contends that without specific statutory authorization, the district court was not permitted to impose cumulative sentences for the same conduct. This court has held that "[m]ultiple punishments for a single act or transaction that constitutes more than one offense are permissible if Congress so intended." United States v. Anderson, 850 F.2d 563, 566 (9th Cir.1988). If the legislative intent is not clearly indicated, the court may rely upon the Blockburger rule to determine whether Congress intended cumulative punishment for the statutory offenses. Albernaz v. United States, 450 U.S. 333, 337 (1981). In Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court held that where one statutory provision requires proof of a fact that the other does not, there are two separate offenses. Id. at 304. In United States v. Rubalcaba, 811 F.2d 491 (9th Cir.1987), cert. denied, 484 U.S. 832 (1987), we held that prosecution for both conspiracy to possess and distribute heroin and possession with intent to distribute heroin satisfied the Blockburger test because "each count requires proof of facts that the other does not. For example, conspiracy requires proof of an agreement while possession requires proof of intentional and actual possession." Id. at 495.
 
 
 8
 Reina was convicted of conspiracy to possess and distribute cocaine, and possession with intent to distribute cocaine. "As a general rule, a substantive charge, and the conspiracy charge based on the substantive charge, pass muster under the Blockburger test and retain their separateness." United States v. Wylie, 625 F.2d 1371, 1381 (9th Cir.1980), cert. denied, 449 U.S. 1080 (1981) (citing Iannelli v. United States, 420 U.S. 770, 785 n. 17 (1975)).
 
 
 9
 Thus, Reina's contention that his criminal conduct was part of a continuous single scheme which constituted a single offense is without merit.
 
 II
 CONSECUTIVE SENTENCES
 
 10
 Reina also contends that prior to the enactment of 18 U.S.C. § 3584(a) in 1984, district courts were not empowered to impose consecutive sentences. This argument lacks merit. The Supreme Court held in 1975 that consecutive sentences can be imposed after convictions for conspiracy and the underlying substantive offense. Iannelli v. United States, 420 U.S. 770, 777-778 (1975). This court has applied the Iannelli holding and upheld consecutive sentences for conspiracy and the substantive offense. Wylie, 625 F.2d at 1379.
 
 
 11
 The district court's denial of Reina's Motion to Correct an Illegal Sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3