988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francis C. PALMER, Defendant-Appellant.
 No. 91-30212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 1, 1993.
Decided March 12, 1993.
 
 Appeal from the United States District Court for the District of Idaho, No. CR-90-040-HLR; Harold L. Ryan, District Judge, Presiding.
 D.Idaho, 761 F.Supp. 697.
 AFFIRMED.
 Before EUGENE A. WRIGHT, CANBY and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Frank Palmer of conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. § 846, and distribution of methamphetamine, 21 U.S.C. § 841(a)(1). The district court sentenced him to 377 months. We affirm.
 
 
 3
 We reject his claim that the lack of a definite time frame in the superseding indictment denied him sufficient constitutional protections. The indictment set forth the specific dates of May 31, 1990 to June 7, 1990. Although the government might have used more precise language to specify the time period, we find no error. United States v. Dischner, 960 F.2d 870, 886 (9th Cir.1992).
 
 
 4
 Because Palmer did not object at trial, we review for plain error his claim that the district court erred in admitting codefendant Luschen's statements regarding his skills as a methamphetamine cook (Exhibits 51 and 52). United States v. Houser, 804 F.2d 565, 570 (9th Cir.1986); see United States v. Wilson, 690 F.2d 1267, 1273-1274 (9th Cir.1982), cert. denied, 464 U.S. 867 (1983). The court instructed the jury to limit the evidence to Luschen. Palmer made no objection. We find no plain error because any error was harmless. Palmer introduced his colleagues to the agent as his cooks.
 
 
 5
 For the reasons given above, the evidence was sufficient to support Palmer's conviction, even aside from the challenged statements. Similarly, the remaining evidence was sufficient to support the sentence.
 
 
 6
 Finally, we also reject Palmer's ineffective assistance of counsel claim. Palmer maintains that because his counsel failed to object to Luschen's statement as hearsay, counsel's conduct fell below an objective standard of reasonableness. Ineffective assistance of counsel claims are more properly raised by collateral attack under 28 U.S.C. § 2255. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985). Such claims may be reviewed on direct appeal in two circumstances: (1) when the record on appeal is sufficiently developed to permit review and determination of the issue, United States v. Anderson, 850 F.2d 563, 565 (9th Cir.1988), or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel, United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989), cert. denied, 111 S.Ct. 64 (1990). Furthermore, a defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were "outside the range of professionally competent assistance" and (2) that the defendant was prejudiced by counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-690 (1984).
 
 
 7
 The record here is sufficient to demonstrate that Palmer's ineffective assistance of counsel claim is unmeritorious. There was no error in admitting Exhibits 51 and 52 and the evidence is sufficient to support the verdict and sentence. Therefore, counsel's failure to object was within the range of competent assistance and did not prejudice Palmer.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3