77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Morris REISIN, Defendant-Appellant.
 No. 95-50096.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1995.
Decided Jan. 5, 1996.
As Amended Jan. 31, 1996.
 
 Before: SCHROEDER, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Morris Reisin appeals his jury conviction and sentence for transporting an undocumented alien in violation of 18 U.S.C. § 1324(a)(1)(B). The charge stems from Reisin's activities as a boxing promoter and, specifically, Reisin's arranging a boxing match in Texas between two boxers of Mexican nationality.
 
 
 3
 Reisin's first contention on appeal is that he received ineffective assistance of counsel at trial. Reisin bases this claim exclusively on statements made by his counsel during closing argument that may have confused the jury on the issue of the government's burden of proof.
 
 
 4
 After Reisin's counsel's closing statement, however, counsel for both sides met with the court and all agreed to a curative instruction. The instruction, which the court read before the prosecution gave its closing argument, clearly explained the civil and criminal standards and unequivocally told the jury to use the latter and forget the former. In addition, the jury was instructed in accordance with the model Ninth Circuit jury instructions on reasonable doubt and burden of proof.
 
 
 5
 Generally, ineffective assistance of counsel claims are more properly raised in collateral proceedings rather than on direct appeal. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992). Review on direct appeal is permissible, however, if the record on appeal is sufficiently developed to permit review and determination of the issue. United States v. Anderson, 850 F.2d 563, 565 (9th Cir.1988). Review is appropriate here because all of the relevant information is within the record on appeal.
 
 
 6
 To show ineffective assistance of counsel, Reisin must show (1) deficient performance by counsel and (2) prejudice to the defense. Strickland v. Washington, 104 S.Ct. 2052 (1984). The government does not dispute the deficient performance prong of the Strickland test. The issue is whether there was any prejudice. To show prejudice, Reisin must show more than that the outcome would have been different but-for trial counsel's error. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993). Reisin must also show that the deficient performance rendered the trial fundamentally unfair. Id. In this case, Reisin's counsel's bumble was promptly and clearly corrected. Nothing fundamentally unfair occurred.
 
 
 7
 Reisin's second contention on appeal is that the district court erroneously rejected one of his proposed jury instructions, and thus failed to adequately instruct the jury on Reisin's defense theory. That theory, which is culled from this court's decision in United States v. Moreno, 561 F.2d 1321 (9th Cir.1977), is that Reisin's role in transporting the Mexican boxer was too attenuated to satisfy § 1342(a)(1)(B), which requires that the transportation be "in furtherance of ... a violation of law [excluding the alien]." In support of this theory, Reisin offered two jury instructions, both of which, Reisin argues, are supported by Moreno. The first instruction, which the district court accepted and read, says that there must be a substantial relationship between the transportation and the alien's illegal presence in the U.S.
 
 
 8
 The second suggested instruction, which the district court rejected, dealt with the situation where defendant is transporting aliens as a required part of his employment. The district court correctly concluded that Lewis' second proposed instruction was misleading, and not supported by the law as delineated in Moreno.
 
 
 9
 The district court was justifiably concerned that the jury would be confused and feel that acquittal was required simply because Lewis was acting pursuant to a contract. By giving only the first instruction, the district court correctly presented the law governing the defense theory, as delineated in Moreno.
 
 
 10
 The district court's decision must therefore be AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3