**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Kenneth Lyle SPANGLE, Defendant–Appellant.**

No. 07–50256.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed June 4, 2008.

Garth E. Hire, U. S. Attorneys, Los Angeles, CA, for Plaintiff.

Before: SCHROEDER, SILVERMAN, and BERZON, Circuit Judges.

MEMORANDUM *

This is the third appeal Kenneth Lyle Spangle has filed in connection with his

---

* The panel unanimously finds this case suitable for decision for without oral argument. *See.* Fed. R.App. 34(a)(2)

** The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

bench trial conviction for mailing threatening communications, in violation of 18 U.S.C. § 876(c), and the 72–month sentence imposed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Spangle contends that the district court erred in finding that his waiver of a jury trial was voluntarily, intelligently and knowingly made. We have reviewed the record and conclude that the district court's colloquy was sufficient to support the finding. *See United States v. Christensen*, 18 F.3d 822, 826 (9th Cir.1994).

Spangle also challenges the six-level enhancement for evidence of intent to carry out the threat. He did not object at the sentencing hearing to the district court's use of the preponderance of the evidence standard to make the factual findings that supported his enhancement. Considering the totality of the circumstances, including the consideration that the resulting sentence was one that was less than double the initial Guidelines range, the enhancement did not have "an extremely disproportionate effect" on the sentence, and there was no error. *See United States v. Pike*, 473 F.3d 1053, 1058–59 (9th Cir. 2007). Further, there was no ineffective assistance of counsel in not arguing for the higher standard. *See United States v. Anderson*, 850 F.2d 563, 565 (9th Cir.1988).

Spangle argues the evidence did not support the finding that Spangle had sufficient intent to carry out his threats and so did not justify the six-level enhancement pursuant to U.S.S.G. § 2A6.1(b)(1). Section 2A6.1(b)(1) provides for a six-level enhancement if "the offense involved any conduct evidencing an intent to carry out" the threat for which he was convicted. It is a factual determination, however, whether Spangle's conduct evidenced his intent to carry out his threats. *See United States v. Hines*, 26 F.3d 1469, 1473 (9th Cir.1994). In light of the lists found in Spangle's cell and the letters to the proba-

tion officer targeted in the list, the district court's finding was not clearly erroneous. *See id.*

Spangle's contention that the court could not sentence above the Guidelines range is premised on a misreading of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Spangle threatened a federal probation officer, the maximum sentence under 18 U.S.C. § 876(c) was ten years, and he received only six.

**AFFIRMED.**