**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10432 |
| Plaintiff - Appellee, | D.C. No. 4:07-cr-00126-DLJ-1 |
| v. | |
| HASSAN SWAID, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, Senior District Judge, Presiding

Argued and Submitted October 11, 2011
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

Hassan Swaid appeals his jury conviction for conspiracy, interstate

transportation of stolen property ("ITSP"), and structuring transactions for the

purpose of evading a reporting requirement ("structuring"). Swaid contends that

evidence is insufficient to uphold the convictions for ITSP and structuring and that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

reversal of any one of these substantive counts requires reversing his conspiracy conviction. He also challenges his conviction for ITSP on the ground that it constituted a constructive amendment to the indictment. Last, Swaid claims that his trial counsel was constitutionally inadequate when he failed to introduce evidence at his motion for a new trial. Because the parties are familiar with the facts, we repeat them only as necessary to support the decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Swaid contends that his conviction for interstate transportation of stolen property is not supported by sufficient evidence. We review the claim de novo. *See United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). However, we view the evidence presented at trial in the light most favorable to the prosecution and "determine whether this evidence, so viewed, is adequate to allow 'any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Sufficient evidence supports Swaid's conviction under a co-conspirator theory of criminal liability. "*Pinkerton v. United States*, 328 U.S. 640, 647 (1946), renders all co-conspirators criminally liable for reasonably foreseeable overt acts

2

committed by others in furtherance of the conspiracy they have joined, whether they were aware of them or not." *United States v. Hernandez-Orellana*, 539 F.3d 994, 1007 (9th Cir. 2008). "To establish *Pinkerton* liability, the prosecution must demonstrate that: '(1) the substantive offense was committed in furtherance of the conspiracy; (2) the offense fell within the scope of the unlawful project; and (3) the offense could reasonably have been foreseen as a necessary or natural consequence of the unlawful agreement.'" *United States v. Chong*, 419 F.3d 1076, 1081 (9th Cir. 2005) (quoting *United States v. Fonseca-Caro*, 114 F.3d 906, 908 (9th Cir. 1997)).

Here, the evidence established that Rosemont was criminally liable for ITSP with respect to all counts, including the shipment at issue in count 25. Although Swaid argues that only Swaid and his co-defendant were "named" in the indictment, he overlooks that the indictment incorporated and realleged the contents of paragraphs two and three of count one in the indictment. The indictment named Rosemont in those paragraphs. Rosemont was also named as a co-conspirator in the indictment, and its act of shipping the stolen merchandise in count 25 was committed in furtherance of the conspiracy. Notwithstanding Swaid's absence from the country on the date in question, he continued to be liable

3

for the acts of the conspiracy of which he was a part. Thus, his conviction on the substantive count must be affirmed.

## II.

Swaid asserts that his ITSP conviction must be reversed because it constituted a constructive amendment of the indictment. Because Swaid did not object in the district court, review is limited to plain error. *See United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006). We find no error.

In this case, the second superseding indictment charged Swaid with a violation of ITSP under 18 U.S.C. § 2314. The indictment described how Swaid, Rosemont, and co-defendant Al Khalidi procured stolen merchandise. The indictment specifically mentioned that Swaid conducted the operation "using co-conspirator Mossleh Amari as one of the sources of stolen merchandise." At trial, the government introduced evidence that Swaid also procured stolen merchandise from "Mark Hansen," a fictional business entity controlled by Mohammed and Mona Abbushi.

Constructive amendment of an indictment occurs when "(1) 'there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument,' or (2) 'the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand

4

jury would have indicted for the crime actually proved.'" *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (quoting *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984)).

Here, there was no constructive amendment of the indictment. Swaid's conviction for ITSP was not substantially altered from the charged crime. Nor did the facts, as alleged in the indictment, materially vary from the evidence adduced at trial. The government evidence concerning "Mark Hansen," another source of stolen merchandise, constituted nothing more than a single divergence and did not result in any material change in the complex of facts. *Cf. Von Stoll*, 726 F.2d at 587 (holding that the identity of a defrauded person under 18 U.S.C. § 2314 is irrelevant and did not materially alter the complex of facts). Thus, there was no constructive amendment of the indictment.

## III.

Swaid challenges the sufficiency of the evidence regarding his convictions in counts 28 and 31 for structuring. As explained above, we review de novo a challenge for sufficiency of the evidence, viewing the facts in the light most favorable to sustaining the verdict. *See Nevils*, 598 F.3d at 1163-64. We affirm.

The elements of the crime of structuring include (1) knowledge of the relevant reporting requirements and (2) knowingly structuring a transaction with

5

one or more financial institution (3) for the purpose of evading the requirements. *See United States v. Tipton*, 56 F.3d 1009, 1012 (9th Cir. 1995).

Sufficient evidence supports the jury's determination that Swaid structured the transactions to evade the reporting requirement. The government introduced evidence to show that Swaid was aware of the bank's requirement to file a transaction report. The evidence consisted of four checks – two issued on January 16, 2004 and two issued on February 13, 2004. Swaid wrote and signed the checks. They were paid to Mossleh and Mossleh's brother, Ammar, with the identical memo line on the checks noting they were for "Alamari–purchases." Each check was under $10,000, but when the checks written on the particular dates were combined, the total amounts exceeded $10,000. Payments to Mossleh were the only payments that never exceeded $10,000, despite invoices which exceeded that amount. Moreover, Mossleh testified that Swaid had told Mossleh that checks were written for under $10,000 for "our own safety." From this evidence, a rational juror could conclude that Swaid structured these transactions to avoid the bank's filing of a transaction report.

IV.

Swaid claims that his counsel was ineffective when his attorney failed to introduce evidence of the two transaction reports that were actually filed with

6

respect to counts 28 and 31. Whether a defendant received ineffective assistance of counsel is reviewed de novo. *United States v. Mack*, 164 F.3d 467, 471 (9th Cir. 1999).

Generally, ineffective assistance of counsel claims are more properly raised by collateral attack on the conviction under 28 U.S.C. § 2255. Such claims, however, may be reviewed on direct appeal in two instances: (1) when the record on appeal is sufficiently developed to permit review and determination of the issue, *United States v. Anderson*, 850 F.2d 563, 565 n.1 (9th Cir. 1988), or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel, *United States v. Rewald*, 889 F.2d 836, 859 (9th Cir. 1989), *cert. denied*, 111 S. Ct. 64 (1990).

In this case, Swaid confines his claim of error to the failure to introduce evidence in a Rule 33 motion for a new trial. He argues that a motion for a new trial provides a "unique opportunity" for the district court to reweigh the evidence and exercise its independent judgment and that there was no reason for trial counsel not to raise this evidence at that time. Because the claim only relates to trial counsel's failure to introduce two pieces of evidence in one specific motion and no remaining aspects of the representation are questioned, addressing the merits of the claim is proper.

7

To establish ineffective assistance, Swaid must show that counsel's performance "fell below an objective standard of reasonableness" and "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Swaid fails under both elements of *Strickland*. First, he fails to show how his counsel's performance was deficient. It is arguable whether the filed transaction reports are relevant. Even assuming that the filed transaction reports are relevant to the district court's independent assessment of Swaid's intent, his counsel's failure to introduce the evidence is not clearly erroneous. Second, Swaid fails to show any prejudice. It is his burden to demonstrate a reasonable probability that had the evidence been introduced in the course of the Rule 33 motion, the district court would have granted the motion. There is no indication that the district court would have considered the issue differently. Thus, Swaid's claim for ineffective assistance fails.

V.

Because we affirm Swaid's substantive convictions, we need not address his argument that *Griffin v. United States*, 502 U.S. 46 (1991), mandates reversal of his conspiracy conviction.

**AFFIRMED.**