**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30067 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00065-BMM-1 |
| v. | |
| CHARLES LYNN DECOTEAU, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 9, 2016**
Portland, Oregon

Before: FISHER and WATFORD, Circuit Judges, and WALTER, Senior District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Donald E. Walter, Senior United States District Judge
for the Western District of Louisiana, sitting by designation.

This is a direct criminal appeal, challenging only the sentence imposed. Defendant-Appellant Charles Lynn Decoteau ("Appellant") beat a man to death by, *inter alia*, kicking him with steel-toed boots. The crime took place in Appellant's home on the Fort Peck Indian Reservation, in Poplar, Montana. Appellant was charged with Voluntary Manslaughter (Count I), Assault Resulting in Serious Bodily Injury (Count II) and Assault with a Dangerous Weapon, namely steel-toed boots (Count III). After a jury trial, Appellant was convicted of the lesser-included charge of Involuntary Manslaughter on Count I and convicted as charged on Counts II and III. As to each count, the district court imposed concurrent sentences of 48 months' imprisonment, a below-guidelines term, followed by three years of supervised release. Appellant now argues that this Court should vacate and remand for re-sentencing because the district court: (1) violated the Fifth Amendment's guarantee against double jeopardy by failing to merge his counts of conviction for sentencing purposes; and (2) erred by denying Appellant a downward adjustment for acceptance of responsibility. For the following reasons, we affirm.

In denying Appellant's motion for merger and dismissal of Counts II and III at sentencing, the district court correctly applied the elemental test, set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), to determine that each count of conviction required proof of a unique element, not shared by the other counts.

Appellant acknowledges the applicability of the *Blockburger* test but argues that *Ball v. United States*, 470 U.S. 856 (1985), requires departure from *Blockburger* where, as here, the offenses of conviction are the product of a single criminal objective. Appellant's argument fails to recognize that *Blockburger* itself affirmed two convictions resulting from one single drug sale. 284 U.S. at 304 ("Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed."). Relying on *Ball*, and its application in *United States v. Anderson*, 850 F.2d 563 (9th Cir. 1988), Appellant urges a departure from *Blockburger*'s elemental comparison. However, *Ball* and *Anderson* are both easily distinguishable, in that both of those cases involved crimes of conviction for which proof of one necessarily included proof of the other. *See Ball*, 470 U.S. at 862 (Congress could not have intended multiple punishments for unlawful receipt and unlawful possession of a firearm because proof of one offense "necessarily includes proof" of the other (emphasis omitted)); *see also Anderson*, 850 F.2d at 568 (*Ball* application of *Blockburger* indicates that Congress did not intend multiple punishments, where proof of embezzlement "will necessarily include" proof of unlawful delay of mail).

Here, the same cannot be said for Appellant's three crimes of conviction. The Count I conviction for involuntary manslaughter, for a violation of 18 U.S.C.

§ 1112(a), required, *inter alia*, proof of death, *see United States v. Paul*, 37 F.3d 496, 499 (9th Cir. 1994); the Count II conviction, for a violation of 18 U.S.C. §§ 113(a)(6) and 1153(a), required proof that the assault resulted in the victim's serious bodily injury, *see United States v. Smith*, 520 F.3d 1097, 1101 (9th Cir. 2008) (citing 18 U.S.C. §§ 113(b)(2) and 1365(h)(3)); and the Count III conviction, for a violation of 18 U.S.C. §§ 113(a)(3) and 1153(a), required proof: "(1) that the defendant intentionally struck or wounded the victim; (2) that the defendant acted with the specific intent to do bodily harm; and (3) that the defendant used a 'dangerous weapon[,]'" *Smith*, 520 F.3d at 1101. Because proof of one crime of conviction did not necessarily include proof of another, and because there is no clear evidence of Congress's contrary intent, the *Blockburger* presumption indicates that Congress intended multiple punishments for the same underlying act. *See Albernaz v. United States*, 450 U.S. 333, 340 (1981) (noting the *Blockburger* elements test controls absent "a clear indication of contrary legislative intent"). After *de novo* review, we find no error in the district court's decision not to merge and dismiss Counts II and III at sentencing.

Regarding Appellant's entitlement to an adjustment based on acceptance of responsibility, this is a factual determination reviewed for clear error. *See United States v. Felix*, 87 F.3d 1057, 1060 (9th Cir. 1996). "The defendant bears the

burden of showing that he has accepted responsibility for his actions." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1270 (9th Cir. 2013) (quoting *United States v. Ramos-Medina*, 706 F.3d 932, 940 (9th Cir. 2012)). Appellant primarily, and correctly, argues that there is no *per se* bar against downward adjustments for acceptance of responsibility based on a defendant's decision to go to trial. Because Appellant denied only that the killing was intentional, rather than denying that his actions caused the victim's death, Appellant urges us to find that this was the rare case, contemplated by U.S.S.G. § 3E1.1 cmt. n.2, where a two-level reduction for acceptance of responsibility may occur after trial. *See Rojas-Pedroza*, 716 F.3d at 1270.

Before denying Appellant's request, the sentencing court entertained oral argument. In accordance with the guidance set forth in the application notes to § 3E1.1, the court focused its inquiry on the effect, if any, of Appellant's pre-trial statements to law enforcement agents. *See* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2 ("In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct."). The court also recognized that it had the benefit of having presided over Appellant's trial and "heard in detail what happened on the day of the event in question, [and] what was in the minds of all of the actors at that

time." After explicitly acknowledging that proceeding to trial was not mutually exclusive with acceptance of responsibility, the court made a thoughtful and supported determination that Appellant was not entitled to a downward adjustment based on the facts of the case. The court then went on to consider defense counsel's arguments, pursuant to the 18 U.S.C. § 3553(a) factors, before imposing a sentence below the advisory guideline range. Upon due consideration of the record, we cannot say that the district court erred in its determination that this Appellant's statements did not comport with acceptance of responsibility. "This is especially true given that 'the determination of the sentencing judge [on this issue] is entitled to great deference on review' since '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.'" *United States v. Gamboa-Cardenas*, 508 F.3d 491, 505 (9th Cir. 2007) (alterations in original) (quoting U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.5). Appellant, moreover, not only went to trial but did so to challenge his "factual guilt," U.S.S.G. § 3E1.1 cmt. n.2, arguing the killing was "justified" on a defense-of-others theory.

**AFFIRMED.**